UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINDA COLLINS,<br><br>       Plaintiff,<br><br> v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>       Defendant. | NO: 1:16-CV-3151-RMP<br><br>ORDER GRANTING IN PART PLAINTIFF'S AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment from Plaintiff Linda Collins, **ECF No. 13**, and the Commissioner of Social Security (the "Commissioner"), **ECF No. 14**. Ms. Collins sought judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's denial of her claims for disability insurance benefits under Title II of the Social Security Act (the "Act") and supplemental security income under Title XVI of the Act. The Court has reviewed the motions, Plaintiff's reply memorandum, the administrative record, and is fully informed. The motions were heard without oral argument. For the reasons stated below, Ms. Collins' motion, ECF No. 13, is granted in part, resulting in a remand

of the case to the Commissioner, and the Commissioner's motion, ECF No. 14, is denied.

## BACKGROUND

**A. Ms. Collins' Claim for Benefits and Procedural History**

Ms. Collins applied for disability insurance benefits and supplemental security income through applications filed on June 18, 2013. Administrative Record ("AR") 166-67.[1] Ms. Collins was 49 years old at the time she applied for benefits, and she has a high school education. Although Plaintiff's claimed onset date appears to have changed as her application made its way through the Social Security Administration, by the time of her hearing, Plaintiff asserted that her disability onset date was January 15, 2013, the date she had her first stroke. AR 50.

**B. May 6, 2015 Hearing**

Ms. Collins was represented by attorney Lauren Shaw at her hearing before Administrative Law Judge ("ALJ") M.J. Adams on May 6, 2015, in Yakima, Washington.[2] Ms. Collins responded to questions from her attorney and Judge Adams. Also testifying were Ms. Collins' sister Juanita Brown, and a vocational expert, Trevor Duncan.

---

[1] The AR is filed at ECF No. 9.

[2] Attorney D. James Tree represents Ms. Collins on appeal.

ORDER GRANTING IN PART PLAINTIFF'S AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

**C. ALJ's Decision**

On June 22, 2015, the ALJ issued an unfavorable decision. AR 38. Utilizing the five-step evaluation process, Judge Adams found:

**Step one:** Ms. Collins has not engaged in substantial gainful activity since June 18, 2013, her application date.

**Step two:** Ms. Collins has the following severe impairments: chronic liver disease, seizure disorder, hypertension, status post-stroke, affective disorder, anxiety disorder, and substance abuse disorder.

**Step three:** Plaintiff's "impairments, including the substance abuse disorder, meet sections 12.04, 12.06, and 12.09 of 20 CFR 404, Subpart P, Appendix 1 (20 CFR 416.920(d))." AR 29.[3] The ALJ further found that if Plaintiff "stopped the substance use" the remaining limitations would cause "more than a minimal impact on the claimant's ability to perform basic work activities; therefore, the claimant would continue to have a severe impairment or combination of impairments." *Id*. However, in the event that

---

[3] The Social Security regulations contain a list of serious medical conditions, divided into fourteen categories of disorders for adults that constitute impairments so severe that they prevent an individual from engaging in any gainful impairment, regardless of her age, education, or work experience. *See* 20 C.F.R. § 416.925(a). This list of automatically disabling impairments is referred to as "the listings." *Id.* The severity of the impairments included in the listings is higher than the standard for disability, which requires a showing that an individual is unable to engage in substantial gainful activity. *See Sullivan v. Zebley*, 493 U.S. 521, 532 (1990).

Plaintiff were no longer overconsuming alcohol or using other substances, she would not have an impairment or combination of impairments that qualified for automatic disability under the Listings.

**Residual Functional Capacity ("RFC"):** The ALJ found that Ms. Collins, if she "stopped the substance use," would have the RFC to

> perform light work as defined in 20 CFR 416.967(b). The claimant can stand and/or walk for six hours and sit for six hours. She can frequently climb ramps and stairs. She can occasionally climb ladders, ropes, or scaffolds. The claimant can frequently balance, crawl, and stoop. She can occasionally kneel and crouch. She should avoid concentrated exposure to vibration and hazards. The claimant can perform simple, routine tasks and follow short, simple instructions. She can do work that needs little or no judgment and can perform simple duties that can be learned on the job in a short period of less than thirty days. She can respond appropriately to supervision, co-workers, and deal with occasional changes in the work environment. She can perform work that requires only occasional exposure to or interaction with the general public.[4]

AR 31.

---

[4] "Light work" is defined in 20 C.F.R. § 416.967(b) as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."

**Step four:** Ms. Collins has no past relevant work to evaluate.

**Step five:** Jobs exist in significant numbers in the national economy that Ms. Collins could perform, given her age, education, work experience, and residual functional capacity, if she "stopped the substance use." AR 36.

The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Ms. Collins' request for review on June 23, 2016. AR 1-7.

## APPLICABLE LEGAL STANDARDS

**A. Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the

evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not the reviewing court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**B. Definition of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall

be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

**C. Sequential Process**

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 416.920. Step one determines if he is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see also* 20 C.F.R.

ORDER GRANTING IN PART PLAINTIFF'S AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

§ 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he has performed in the past. If the plaintiff is able to perform his previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his residual functional capacity and age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy"

which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### D. Substance Abuse and Social Security Disability Law

Drug abuse and alcoholism cannot be the basis for finding an individual disabled. SSR 13-2p at *3. The claimant bears the burden of proving that her alcoholism was not a contributing factor material to her disability. *Parra v. Astrue*, 481 F.3d 742, 744-45 (9th Cir. 2007), *cert. denied*, 552 U.S. 1141 (2008).

In 2013, the Commissioner issued an interpretive policy ruling codifying and expanding on the preexisting approach to evaluating disability claims in the context of drug and excessive alcohol use. Social Security Ruling ("SSR") 13-2p, 2013 SSR LEXIS 2; *see Robinson v. Berryhill,* 690 F. App'x 520 n.2 (9th Cir. 2017). That policy outlines a six-step process to evaluate whether a claimant has shown that the substance abuse was not a contributing factor material to her disability. If an ALJ has determined that impairments other than drug or alcohol abuse are independently disabling while the claimant is using substances, the next inquiry (the fifth step) should be whether the substance use causes or affects the medically determinable impairment. Even if the answer to the fifth-step inquiry is affirmative, "but the other impairment(s) is irreversible or could not improve to the point of nondisability," the substance abuse is not material and the claim for disability should be allowed. SSR13-2p, 2013 SSR LEXIS 2, *12.

## ISSUES ON APPEAL

ORDER GRANTING IN PART PLAINTIFF'S AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

**A. Whether the ALJ erroneously found that Ms. Collins' use of alcohol and drugs is a contributing factor material to the determination of disability**

**B. Whether the ALJ erred in weighing the medical evidence and determining RFC**

**C. Whether the ALJ erred in discrediting Ms. Collins' symptom testimony**

## DISCUSSION

Plaintiff argues that the ALJ erroneously determined that drug addiction or alcoholism was a material factor contributing to her disability because "the record demonstrates that, even with sobriety, Ms. Collins has been unable to recover function to the point of non-disability." ECF No. 13 at 4. Defendant does not address this omission in their brief.

While the ALJ engaged in limited analysis of whether Plaintiff's other medically determinable impairments are caused or affected by her substance use, the ALJ did not analyze whether Plaintiff's chronic liver disease, seizure disorder, hypertension, status post-stroke, affective disorder, and/or anxiety disorder are irreversible and did not make specific findings regarding whether each impairment could improve to the point of non-disability. *See* AR 32-33.

For instance, the ALJ found that the record indicated Ms. Collins regained functioning by July 2013, after her first stroke in January 2013, when she

purportedly abstained from substance use. AR 32. However, the ALJ's decision is silent as to whether the subsequent strokes or events that may have been strokes had an irreversible effect; rather, the analysis focuses on whether those events were caused by substance use. *See* AR 33-34. Therefore, the Court finds that despite issuing a decision that reflects an extensive review of the record, the ALJ did not sufficiently develop the record and issue sufficient analysis of whether the symptoms and limitations from Plaintiff's other impairments are reversible, regardless of whether substance abuse was their cause. *See* SSR13-2p, 2013 SSR LEXIS 2, *12.

Based on the Court's finding of error in evaluating whether Plaintiff's drug and alcohol use was material, the Court does not reach Plaintiff's other allegations of error pertaining to the ALJ's treatment of her medical opinion evidence and subjective symptom testimony.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED IN PART**. The Court denies Plaintiff's request for an immediate award of benefits.

2. Defendant's Motion for Summary Judgment**, ECF No. 14**, is **DENIED**.

3. This case is **REMANDED** for a *de novo* hearing before the Social Security Administration.

ORDER GRANTING IN PART PLAINTIFF'S AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

4.  **UPON REMAND**, the ALJ will conduct a *de novo* hearing and issue a new decision that is consistent with the applicable law set forth in this Order. The ALJ will, if necessary, further develop the record, reassess the claimant's residual functional capacity, obtain supplemental evidence from a vocational expert, and re-evaluate the credibility of the claimant and other opinion evidence.

5.  Judgment shall be entered for Plaintiff.

The District Court Clerk is directed to enter this Order, enter Judgment as outlined above, provide copies to counsel, and **close this case**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** September 28, 2017.

> *s/ Rosanna Malouf Peterson*
> ROSANNA MALOUF PETERSON
> United States District Judge